FILED

APR 11 2007

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>MARY DANESE DYKES,<br><br>_____Debtor._____<br>RALPH WILKENS CO., INC.<br>              Plaintiff,<br>vs.<br>MARY DANESE DYKES,<br>              Defendant. | Chapter 7<br><br>No. 4:05-bk-07711-JMM<br><br>Adversary No. 4:06-ap-00022-JMM<br><br>**MEMORANDUM DECISION** |

       The creditor Plaintiff has moved to amend its complaint in order to add a § 723(a)(3) allegation. Currently the complaint alleges only a § 523(a)(2)(A) count for fraud or misrepresentation in obtaining money, goods, or services on credit.

       The complaint was filed on February 3, 2006. Trial is currently scheduled for April 24, 2007. The instant motion was filed April 11, 2007.

       Shortly after the bankruptcy case (chapter 7 liquidation) was filed on October 14, 2005, the clerk sent all creditors a notice, advising them to file § 523 and/or § 727 complaints no later than February 17, 2006 (see Dkt. #11). The notice was dated November 1, 2005--18 months ago.

       The Plaintiff complied with the notice and filed a complaint, selecting only § 523(a)(2)(A), seeking the <u>non-dischargeability</u> of <u>only</u> its debt. It did not ask to deny the Debtor's <u>entire</u> discharge.

h:\wp\orders\

Indeed, on March 7, 2006, this court entered the discharge of the Debtor (Dkt. #25), and that order is now final. The order also stated, in pertinent part, that debts were not discharged which were in then pending proceedings:

> h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged.

Therefore, procedurally, the creditor Plaintiff in this case now wishes to add, and plead, for a denial of the Debtor's <u>entire</u> discharge (not just its debt). However, the creditor has not asked the court to set aside the order, entered 13 months ago, which <u>granted</u> the Debtor a <u>discharge</u> from all of her other debts. The Debtor is entitled to rely upon that order, as to everyone else, and that order, being final, is entitled to repose.

Even if, however, one were to assume that the instant amendment motion could be granted, without creating significant legal and procedural difficulty, the next issue is whether the facts of the proposed amended complaint are, as Plaintiff suggests, the same ones that would support either a non-dischargeable § 523(a)(2)(A) claim or operate to deny the Debtor her entire discharge under and § 727(a)(3).

Section 727(a)(3) prevents the entry of a discharge to a debtor who has concealed, destroyed, falsified, or failed to keep books and records from which a debtor's financial condition or business transactions might be ascertained, unless such failure is justified under the circumstances of the case.

The Plaintiff's primary grievance arrives out of a frustration, in <u>pre-bankruptcy</u> state court litigation, wherein the Defendant failed to respond to discovery which then led, at least in part, to the entry of a civil judgment against her.

However, § 727(a)(3) does not punish a debtor for lack of cooperation in a <u>pre</u>-bankruptcy setting. The purpose of the statute is to ensure a debtor's cooperation in the <u>bankruptcy</u> case itself. Complete disclosure in the bankruptcy case, to the trustee and the scheduled creditors, "is a quid pro quo for discharge of debts." § 3 *Norton Bankruptcy Law and Practice 2d* at 74:9 (2006).

Case 4:06-ap-00022-JMM   Doc 50   Filed 04/11/07   Entered 04/12/07 15:14:41   Desc
Main Document    Page 2 of 5

There is no allegation by this creditor Plaintiff that, in the context of the <u>bankruptcy</u> case, the Debtor concealed or falsified records from the Trustee, or from a creditor, when asked. There is nothing presented in the creditor's pleadings to suggest that the Debtor did not truly present her financial condition to the bankruptcy Trustee, the bankruptcy court, or any scheduled bankruptcy creditor. There is no allegation that, during the <u>bankruptcy</u> process, the Debtor failed to cooperate or withheld information. As a result, the creditor here cannot present a § 727(a)(3) case for denial of the Debtor's fundamental right to a discharge. See, generally, *Norton, supra*; *In re Cox*, 904 F.2d 1399 (9th Cir. 1990).

Next, addressing the creditor's position that its original § 523(a)(2)(A) case, and now its § 727(a)(3) case, arise out of the same set of facts, the court upon review finds the creditor's position to be misplaced. The § 523(a)(2)(A) <u>pre</u>-petition conduct and failure to cooperate in a state court proceeding is not relevant to a § 727(a)(3) <u>post</u>-petition failure to cooperation with the <u>bankruptcy</u> case and process. And, since no factual allegation of post-bankruptcy lack of cooperation has been made, the § 727(a)(3) complaint does not present a claim upon which relief can be granted, and is therefore subject to dismissal pursuant to FED. R. CIV. P. 12(b)(6) (made applicable to bankruptcy proceedings by FED. R. BANK. P. 7012). Accordingly, the complaint should not be amended.

The next reason for disallowance of the motion is that its filing was untimely. Over a year has passed since the Debtor received her discharge, and 14 months have passed since the non-dischargeability challenge under § 523(a)(2)(A) was filed. The trial is set in two weeks. Since the two statutes, §§ 523 and 727, cannot (in this case) arise out of the "same set of facts," the amended complaint cannot possibly "relate back," as it must under FED. R. CIV. P. 15(c). *See, In re Valenti*, 310 B.R. 138, 149 (9th Cir. BAP 2004).

Thus, the motion presents not only a new legal theory, but the facts to support such a theory must have occurred in a post-petition context and, therefore, are different than alleged. Thus, the court must conclude that the attempt to amend and present a § 727 case is untimely and time-barred. If such a case exists or existed, it was required to have been plead by the deadline set by the court, February

h:\wp\orders\ 3

Case 4:06-ap-00022-JMM   Doc 50   Filed 04/11/07   Entered 04/12/07 15:14:41   Desc
Main Document    Page 3 of 5

17, 2006, a period which ended 14 months ago. *See, e.g., In re Magno*, 216 B.R. 34 (9th Cir. BAP 1997); *In re Markus*, 313 F. 3d 1146 (9th Cir. 2002); FED. R. BANKR. P. 4004(a) (a § 727(a) complaint "shall be filed no later than 60 days after the first date set for the meeting of creditors. . . .").

Now finally being raised within two weeks of trial, the attempt to amend is untimely. To grant the request would, at this late date, be highly prejudicial to the Debtor, who has prepared to defend herself only on § 523(a)(2)(A) grounds.

## CONCLUSION

For any or all of the reasons set forth above, the creditor Plaintiff's motion to amend its complaint shall be DENIED. Trial is set for 3:00 p.m., April 24, 2007, in Courtroom 602, 230 North First Avenue, Phoenix, Arizona.

DATED: April 11, 2007.

JAMES M. MARLAR
UNITED STATES BANKRUPTCY JUDGE

```
 1  COPIES mailed this 11
    day of April, 2007, to:
 2
    Patricia A. Taylor
 3  Joseph Watkins
    2344 East Speedway Blvd.
 4  Tucson, AZ  85719

 5  James J. Palecek
    Hunsaker & Palecek, PLLC
 6  5050 E. Thomas Rd.
    Phoenix, AZ 85018
 7
    Office of the United States Trustee
 8  230 North First Avenue, Suite 204
    Phoenix, AZ  85003-1706
 9

10  By /s/   M. B. Thompson
            Judicial Assistant
11

12

13

...

26
```