FILED

APR 2 0 2007

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>MARY DANESE DYKES,<br><br>　　　　　　　　Debtor.<br><br>RALPH WILKENS CO., INC.,<br><br>　　　　　　　　Plaintiff,<br>vs.<br><br>MARY DANESE DYKES,<br><br>　　　　　　　　Defendant. | Chapter 7<br><br>No. 4:05-bk-07711-JMM<br><br>Adversary No. 4:06-ap-00022-JMM<br><br>**MEMORANDUM DECISION RE:**<br>**SUMMARY JUDGMENT MOTIONS** |

   The Plaintiff filed its complaint against the Debtor/Defendant on February 3, 2006. The complaint alleged fraud, false pretenses or misrepresentation under § 523(a)(2)(A). The Defendant answered, denying the allegations, and the issues were joined for trial. Plaintiff has now filed a motion for summary judgment, and Defendant has filed a cross-motion. After considering the law and the arguments of the parties, the court now rules.

   A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.

h:\wp\orders\

R. Civ. P. 56(c) (incorporated by Fed. R. Bankr. P. 7056). It is well-settled law that "[t]he moving party bears the initial burden to demonstrate the absence of any genuine issue of material fact." Horphag Research Ltd. v. Garcia, 475 F.3d 1029, 1035 (9th Cir.2007) (citation omitted).

The genesis of this dispute involved a civil claim for construction services provided by Plaintiff to Patrick's Antique Cars & Trucks. It ended when, on December 14, 2004, the Superior Court of Pinal County entered a judgment against the Defendant for $22,783.51.

In the summary judgment proceeding, the creditor Plaintiff effectively seeks to have collateral estoppel applied to the Superior Court's judgment in order, the court presumes, to preclude trial on the issue of whether the Defendant should be denied her entire discharge.[1]

Collateral estoppel, or "issue preclusion" principles apply in discharge exception proceedings. See Grogan v. Garner, 498 U.S. 279, 284 n.11, 111 S.Ct. 654, 658 n.11 (1991). To determine the preclusive effect of a state court judgment, we refer to the law of Arizona. 28 U.S.C. § 1738; In re Nourbakhsh, 67 F.3d 798, 800 (9th Cir. 1995). In Arizona, an issue is precluded when the issue or fact to be litigated was actually litigated in a previous suit, a final judgment was entered, and the party against whom the doctrine is to be invoked had a full opportunity to litigate the matter and actually did litigate it, provided such issue or fact was essential to the prior judgment. Chaney Bldg. Co. v. City of Tucson, 148 Ariz. 571, 573, 716 P.2d 28, 30 (1986).

The problem for the Plaintiff is that its complaint is grounded solely in § 523(a)(2)(A), not denial of discharge under § 727. However, the motion for summary judgment is grounded solely in denial of discharge--which is not and never has been an issue in this case. On that ground alone, summary judgment would not be appropriate, as a matter of law. See Fed. R. Civ. P. 56(a) (providing for summary judgment to "a party seeking to recover upon a claim, counterclaim, or cross-claim[.]"); C. Wright, A. Miller & M. Kane, 10A Fed. Prac. & Proc Civ. 3d. § 2717.

---

[1] Plaintiff's reference to the doctrine of "law of the case" is misplaced. Under that doctrine, "a court is ordinarily precluded from re-examining an issue previously decided by the same court, or a higher court, in the same case." Hydrick v. Hunter, 466 F.3d 676, 687 (9th Cir. 2006) (citation omitted).

The next problem facing the creditor is that it seeks to have collateral estoppel applied to a state court judgment, wherein the findings (if any) of the court relate to the willful non-production of discovery documents, thereby resulting in a punitive Rule 37 judgment. This is not the type of debt to which § 523(a)(2)(A) relates. That statute relates strictly to debts incurred by false pretenses, false representations, or actual fraud in obtaining money, property, or services, and damages assessed "on account of the fraud." Cohen v. de la Cruz, 523 U.S. 213, 218, 118 S.Ct. 1212, 1216 (1998) ("The most straightforward reading of § 523(a)(2)(A) is that it prevents discharge of 'any debt' respecting 'money, property, services, or . . . credit' that the debtor has fraudulently obtained, including treble damages assessed on account of the fraud.") (citation omitted). Thus, § 523(a)(2)(A) nondischargeability requires an underlying judgment that "specific money or property has been obtained by fraud." Id.. It does not except debts arising solely from a failure to produce documents in a state court proceeding. The issues are totally different.

Also, the mere fact that the state court may have "found" the Defendant, in the judgment prepared by Plaintiff's counsel, to have been a co-owner of a business, may have been enough for the creditor to have obtained a personal judgment against her. But again, without specific findings of fraud committed by the Defendant in obtaining the goods or services in the first instance, this court has an inadequate record upon which to hold the debt non-dischargeable under collateral estoppel principles.

Additionally, to the extent Plaintiff seeks to apply collateral estoppel to a default judgment, Arizona law holds that a default judgment does not meet the "actually litigated" requirement. Chaney Bldg. Co., 148 Ariz. at 573, 716 P.2d at 30; Circle K Corp. v. Indus. Comm'n of Ariz., 880 P.2d 642, 645 (Ct. App. 1993).

From all of the exhibits and arguments presented by the Plaintiff in support of summary judgment, the record simply contains no evidence to support that the Defendant, even if she was a co-owner of Patrick's Antique Cars & Trucks, obtained money or property by false pretenses from the Plaintiff.

These factual issues require a trial on the merits.

As for the Defendant's position, the court notes that her entire argument in opposition to summary judgment argues for her discharge rights, in opposition to the perceived § 727 challenge. But, as noted above, § 727 is not even an issue in the case. Nor is whether or not the state court judgment is "void" an issue before this court. Should Ms. Dykes wish to challenge it, she has remedies available to her under ARIZ. R. CIV. P. 60. It would be inappropriate for this court to undermine the sanctity of a final valid state court judgment. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 218, 125 S.Ct. 1517, 1520 (2005) (holding that district courts do not have jurisdiction over cases in which a losing party in state court complains of injuries caused by the state court judgment).

Nonetheless, this court has exclusive jurisdiction over the § 523(a)(2)(A) nondischargeability action. Id., 544 U.S. at 293, 125 S.Ct. at 1527 (district court has jurisdiction if a federal plaintiff presents an independent claim, and then preclusion doctrines apply); Brown v. Felsen, 442 U.S. 127, 138-39, 99 S.Ct. 2205, 2212-13 (1979) (bankruptcy court resolves federal dischargeability questions); Rein v. Providian Fin. Corp., 252 F.3d 1095, 1101 (9th Cir. 2001) (bankruptcy court has exclusive jurisdiction over § 523(a)(2)(A) action).

Defendant disputes the collateral estoppel effect of the state court judgment, and that theory has herein been rejected. Defendant also maintains that litigation of her liability for the debt should be precluded, and judgment entered in her favor as a matter of law, by virtue of the plan confirmation order which was entered in ex-husband's bankruptcy case. That order did not address Ms. Dykes' personal liability for the debt, and her argument only raises more factual issues. Defendant's cross-motion for summary judgment similarly contains no affidavits or other admissible evidence as to the allegations of the complaint, i.e., whether Plaintiff's services were or were not obtained by false pretenses.

Therefore, since significant factual issues exist on the only theory pled by the complaint, this matter will stand for trial.

Both motions for summary judgment are DENIED.

DATED: April 20, 2007.

JAMES M. MARLAR
UNITED STATES BANKRUPTCY JUDGE

COPIES mailed this 20th day of April, 2007, to:

Patricia A. Taylor
Joseph Watkins
2344 East Speedway Blvd.
Tucson, AZ 85719

James J. Palecek
Hunsaker & Palecek, PLLC
5050 E. Thomas Rd.
Phoenix, AZ 85018

Office of the United States Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003-1706

By /s/ M. B. Thompson
    Judicial Assistant

h:\wp\orders\     5

Case 4:06-ap-00022-JMM   Doc 53   Filed 04/20/07   Entered 04/20/07 15:44:03   Desc
Main Document   Page 5 of 5